## UNITED STATES, to Use and Benefit of W. A. PIERCE CO., v. FAIRCLOTH et al.

(Court of Appeals of District of Columbia. Submitted February 4, 1920. Decided April 5, 1920.)

### No. 3291.

1. **District of Columbia** ⬤�longdash14—**Statute requiring contractor's bond inapplicable to construction of building in which district has no interest.**

   Act Feb. 28, 1899, requiring persons contracting with the District of Columbia for public buildings or public works to give a bond to secure payment for labor and materials, and authorizing persons furnishing work and material to sue thereon, had no application to the construction of a plant by one contracting to remove refuse to a plant provided by him, where it does not appear that the District had any interest in the building or the property on which it was erected.

2. **District of Columbia** ⬤⟻14—**Contractor's bond, declared on as statutory bond, cannot be recovered on as voluntary bond.**

   In an action on a bond given to secure performance of a contract with the District of Columbia for the collection and disposal of refuse, the bond cannot be treated as a voluntary bond, where the declaration counts specifically on a statutory bond.

3. **District of Columbia** ⬤⟻14—**Contractor's bond cannot be sued on as voluntary bond in name of United States.**

   A bond given to secure performance of a contract with the District of Columbia for the collection and disposal of refuse cannot be sued on as a voluntary bond in the name of the United States.

Appeal from the Supreme Court of the District of Columbia.

Action by the United States, to the use and benefit of the W. A. Pierce Company, against John G. Faircloth and another. From a judgment for defendants on demurrer, plaintiff appeals. Affirmed.

H. W. Wheatley, of Washington, D. C., for appellant.

A. H. Ferguson, Wm. F. Kelly, and P. J. J. Nicolaides, all of Washington, D. C., for appellees.

McCOY, Chief Justice. This is an appeal from a judgment for the appellees, whose demurrers to the amended declaration were sustained; the plaintiff electing to stand upon the declaration.

The action was brought against Faircloth, as principal, and the Indemnity Company, as surety, on a bond to the United States, given to secure the performance by Faircloth of a contract with the District of Columbia for the collection and disposal, during three years, of refuse from private residences in the District of Columbia. One clause of the contract provided for the removal of such miscellaneous refuse to a plant to be provided by Faircloth. The Pierce Company furnished lumber to Faircloth, which was used in the erection of such a plant. It is not alleged that the building was erected upon property in which the District of Columbia owned any interest, or that the District acquired any interest in this building.

One of the conditions of the bond was that Faircloth should promptly make payments to all persons supplying him with labor and material in the prosecution of the work provided for in the contract. The

plaintiff alleges that the defendants executed the bond "in accordance with statute in such cases made and provided," and that the District of Columbia furnished to it a certified copy of the bond and of the contract. The only question argued in the briefs of the parties is whether or not the cause of action is one within the statute, although the appellant suggested at the hearing that, if it were not, still recovery could be had as upon a voluntary bond.

[1] The statute in question is the act of February 28, 1899 (30 Stat. 906), and is entitled:

"An act relative to the payment of claims for material and labor furnished for District of Columbia buildings."

It provides:

"That hereafter any person or persons entering into a formal contract with the District of Columbia for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials in the prosecution of the work provided for in such contract."

It then provides that, upon furnishing an affidavit showing that work has been done or material furnished for the prosecution of the work and not paid for, a certified copy of the contract and bond shall be delivered to the person or persons supplying such labor and material, and that he or they shall have a right of action thereon—

"in the name of the District of Columbia or the United States for his or their use and benefit against said contractor and sureties."

It has been uniformly held that the purpose of the similar statute applicable to contracts with the United States is to secure payment to a person who furnishes labor or material for a public work by giving him a claim under the required bond in lieu of the lien upon land and buildings customarily provided for by statute when property is owned by private individuals. See Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206; Standard Oil Co. v. Trust Co., 21 App. D. C. 369; Equitable Surety Co. v. McMillan, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394.

The appellant claims that since the decision in Hill v. American Surety Co., 200 U. S. 197, 26 Sup. Ct. 168, 50 L. Ed. 437, there has come to be a more liberal construction of the statute relating to United States contracts. The decision was that subcontractors are within the protection of the statute, thereby overruling decisions in the lower courts; but neither that case nor any other has held that the statute applies, unless the contract relates to property owned or controlled by the public.

The appellant emphasizes the decision in American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 719; but that case merely points out the difference between the wording of the federal statute and that of the usual mechanic's lien laws, saying:

"The underlying equity of the lien statutes relates to a direct addition to the substance of the subject-matter of the building, or other thing, to which

the lien attaches, while the statute in question concerns every approximate relation of the contractor to that which he has contracted to do." Page 719.

So far as appears, the lumber furnished by the plaintiff may have gone into the erection of a building in the District of Columbia belonging to Faircloth, to secure payment for which the plaintiff could even now file a notice of lien under the mechanic's lien law of the District. The plaintiff therefore has no right of recovery under the statute upon which he bases his claim.

[2, 3] There are two reasons at least why the bond cannot be treated as a voluntary bond. One is that the declaration counts specifically upon a statutory bond. The second reason is that a suit in the name of the United States could not be brought upon a voluntary bond given to secure the performance of a contract with the District of Columbia.

The judgment should be affirmed, with costs.

ROBB, Associate Justice, did not sit in this case.